UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERVIN LEE MYREE,                          **DECISION AND ORDER**

                                          **Civil Case**
                    Movant,               **No. 1:13-cv-00947-MAT**

          -vs-                            **Criminal Case**
                                          **No. 1:11-cr-00076-MAT**

UNITED STATES OF AMERICA,

                    Respondent.

_____

## INTRODUCTION

Proceeding <u>pro</u> <u>se</u>, Ervin Lee Myree ("Myree" or "Movant") has filed a Motion to Vacate the Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255"). For the reasons discussed below, the motion is denied.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Following his guilty plea to an Information filed on April 6, 2011, charging him with distributing 5 grams or more of crack cocaine (21 U.S.C. §§ 841(a), 841(b)(1)(B)), Myree was sentenced principally to 84 months' imprisonment by the Court (Arcara, D.J.) on August 8, 2011. The negotiated plea agreement contained concessions by the Government not to file an enhancement notice under 21 U.S.C. § 851, to apply the current reduced United States Sentencing Guidelines ("Guidelines") for crack cocaine offenses, and to file a downward departure motion pursuant to Guidelines § 5K1.1. In exchange, Myree agreed, <u>inter</u> <u>alia</u>, to waive his

appellate and collateral-attack rights. At the time of the sentencing, as well as during all pre-plea proceedings, Myree was represented by Cheryl Meyers-Buth, Esq. ("Defense Counsel").

On October 30, 2011, Myree filed the instant Section 2255 Motion (Dkt #33), followed by two supporting Memoranda of Law (Dkt ##38, 39), and a Declaration (Dkt #40). Myree also filed a Motion/Request for a Status Conference and Summary Judgment (Dkt #44), a Motion to Appoint Counsel (Dkt #45), two Motions to Relate Back Pursuant to FED. R. CIV. P. 15(c) (Dkt ##47, 48), and a Motion for Recusal (Dkt #49).

The Government filed a Motion to Compel (Dkt #42) requesting that the Court issue an order directing Defense Counsel to submit an affidavit indicating whether Myree requested that a notice of appeal be filed. The Court (Arcara, D.J.) issued an order finding that Myree's assertion of ineffective assistance of counsel based on the failure to file a notice of appeal waived the attorney-client privilege with respect to any attorney-client communications regarding that subject. Accordingly, Defense Counsel was ordered to file an affidavit or affirmation on or before June 26, 2013, answering the following questions: (1) whether Myree requested on August 8, 2011, or any other date, that an appeal be filed in United States v. Myree, 11-CR-76-A; (2) if Myree requested that an appeal be filed, whether Defense Counsel failed to act on Myree's request, and what, if any, other actions did Defense

Counsel take; (3) whether Defense Counsel possessed any notes or records related to Myree's request that an appeal be filed; (4) whether Defense Counsel had a standard practice followed when a client requests that she file an appeal; and (5) whether Myree made any inquiry about filing an appeal on August 8, 2011 or any other date.

Defense Counsel timely filed an Affidavit (Dkt #59) averring that Myree did not, on August 8, 2011, or any other date, request that an appeal be filed in United States v. Myree, 11-cr-76-A. With regard to any relevant notes or records, Defense Counsel indicated that she had asked her former law firm to obtain the file from their storage facility; she requested an opportunity to supplement this response upon reviewing the file. Defense Counsel stated that she had a standard practice when a client requests that you file an appeal, but had no occasion to follow it here because Myree did not request that she file a notice of appeal. Defense counsel averred that prior to entry of the guilty plea in this matter, she and Myree discussed the appellate rights waiver in the written plea agreement; however, at no time during their discussions did Myree "make any inquiry" about filing an appeal.

Myree, acting pro se, filed a Letter (Dkt #60) and Affirmation (Dkt #61) in response to Defense Counsel's Affidavit.

The Court (Arcara, D.J.) subsequently held several status conferences on the Section 2255 Motion. On October 24, 2013, Judge

Arcara assigned Robert Goldstein, Esq. ("Habeas Counsel") to represent Myree in connection with the Section 2255 Motion. Judge Arcara also scheduled an evidentiary hearing to be held on January 8, 2014, on the issue of whether Myree did or did not request that Defense Counsel file a notice of appeal.

The scheduled evidentiary hearing was not held. On February 20, 2014, Judge Arcara conducted another status conference, at which Myree appeared with his assigned Habeas Counsel. The following colloquy occurred:

> MR. GOLDSTEIN: Your Honor, my client has made an application to have ineffective assistance of counsel be a grounds to file a late Notice of Appeal. I've spoken with him with regard to that issue and he has agreed to withdraw that issue with regard to his case. I've also --
> THE COURT: Is that true, sir?
> THE DEFENDANT: Yes, Your Honor.
> . . .

(Transcript of Hearing dated February 20, 2014 ("2/20/14 Tr."), at 2:12-19). Later in the hearing, Judge Arcara inquired of Habeas Counsel as to what would happen if he granted the Section 2255 Motion based on Defense Counsel's failure to file a notice of appeal. Habeas Counsel replied that the Government likely would move to dismiss the notice of appeal based on the plea agreement's waiver of appellate rights. (2/20/14 Tr. at 2:19-25). Judge Arcara commented that if the Second Circuit did find ineffectiveness, the case would be remanded for a trial. (Id. at 3:2-5). If Myree were convicted, Habeas Counsel explained that he "would have been facing

a minimum of ten years in jail . . . [o]r more." (Id. at 3:5-9).
Habeas Counsel confirmed that that claim "has been withdrawn." (Id.
at 3:9-11).[1]

A status conference as to the remaining issues in the Section
2255 Motion held on February 28, 2014 (Dkt #69), at which Habeas
Counsel requested additional time to review evidence that might
potentially support Myree's Section 2255 Motion. Judge Arcara
granted the request.

At the next status conference on March 28, 2014 (Dkt #70),
Habeas Counsel again requested additional time to review evidence
that might potentially support Myree's Section 2255 Motion. Judge
Arcara granted the request.

Habeas Counsel filed Motions to Adjourn on May 6, 2014
(Dkt #71) and June 16, 2014 (Dkt #73), both of which were granted
(Dkt ##72, 74).

At a status conference on July 9, 2014, Habeas Counsel noted
that he and Myree had had a "lengthy meeting" the previous week,
and Myree "continue[d] to pursue his motion to vacate sentence."
Judge Arcara directed Habeas Counsel to file any additional
pleadings in support of Myree's claim that his plea was entered as
a result of ineffective assistance of trial counsel, by July 30,

---

[1]
Judge Arcara requested that Habeas Counsel prepare a text
order reflecting Myree's oral withdrawal of his ineffective
assistance claim based on Defense Counsel's failure to file a
notice of appeal (id. at 3:12-14), it appears that Habeas Counsel
never submitted such an order appears on the docket.

3014; the Government was directed to respond to any such pleadings by August 13, 2014l; and oral argument was scheduled for August 20, 2014. However, Habeas Counsel never filed any supplemental pleadings. The Government filed a Memorandum of Law (Dkt #75) noting that since Habeas Counsel had not filed any supplemental pleadings supporting Myree's claims, the Court was entitled to decide the Section 2255 Motion on the record before it without holding an evidentiary hearing.

**DISCUSSION**

## I. Ineffective Assistance of Counsel on Various Grounds (Grounds Three and Four)

### A. Overview and Applicable Law

Following Myree's on-the-record oral withdrawal of his ineffective assistance of trial counsel claim based on the failure to file a notice of appeal (Ground One), Myree's Section 2255 Motion now asserts two claims premised on Defense Counsel's alleged ineffectiveness: (i) Defense Counsel failed to assert that Myree should be sentenced under the correct version of the Guidelines, that incorporated the Fair Sentencing Act of 2010 ("FSA") (Ground III), and (ii) Defense Counsel failed to move to dismiss the complaint as untimely under the Speedy Trial Act ("STA") (Ground IV).

Strickland v. Washington, 466 U.S. 668 (1984), allows a court to "find ineffective assistance of counsel only upon determining

-6-

that [a defendant's] attorney's behavior at sentencing 'fell below an objective standard of reasonableness' under 'prevailing professional norms,'" United States v. Workman, 110 F.3d 915, 920 (2d Cir. 1997) (quoting Strickland, 466 U.S. at 688), "and that there is a 'reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different,'" id. (quoting Strickland, 466 U.S. at 694).

**B.   Ground III: Error at Sentencing**

According to Myree, he informed Defense Counsel that he should be "sentenced to the 'Fair Sentencing Act of 2010' Guidelines Range," and asserts that he was not sentenced under the Guidelines in effect on the date he was sentenced, August 8, 2011. Myree contends that Defense Counsel was ineffective in failing to object to the "improper sentencing guidelines (i.e., Guidelines not in effect at time of sentencing." Myree does not explain how or to what extent he was prejudiced by this alleged omission insofar as he does not specifically allege how his sentence would have been different.

The FSA became effective August 3, 2010, and was the law at the time of Myree's sentencing. Dorsey v. United States, ---U.S. ----, 132 S.Ct. 2321, 183 L.Ed.2d 250 (2012) (application of FSA determined by date of sentencing, not date of offense conduct). The FSA "increased the quantity of crack cocaine necessary to trigger certain mandatory minimum sentences under 21 U.S.C. § 841(b)(1)."

-7-

United States v. Bullard, 645 F.3d 237, 246 (4th Cir. 2011) (citing Pub. L. No. 111-220, 124 Stat. 2372 (amending, inter alia, 21 U.S.C. § 841)). "[T]he FSA raised from five to 28 grams the quantity of crack involved in a crime of conviction necessary to trigger a mandatory minimum sentence of five years." United States v. Hilson, 538 F. App'x 15, 17 (2d Cir. 2013).

Here, the Pre-Sentence Investigation Report ("PSIR"), indicates that Myree was involved in making two controlled drug sales. On March 28, 2006, he delivered 12.8 net grams of cocaine base to a confidential source. On April 25, 2006, he delivered 27.3 net grams of crack cocaine to the same individual. Upon his arrest on October 22, 2010, Myree possessed 68.5 grams of crack cocaine and 13.7 grams of powder cocaine, and, all together, he possessed 108.6 net grams of cocaine base 13.7 net grams of powder cocaine. (PSIR (Dkt #29), p. 24 of 26). The Plea Agreement signed by Myree indicates that the amount involved in the relevant conduct encompassed in the Information was "at least 28 grams but less than 112 grams cocaine base". (Plea Agreement (Dkt #18) ¶ 5(c)).

As noted above, under the FSA, the quantity of crack cocaine involved in a crime of conviction that would trigger a mandatory 5-year minimum sentence was raised from 5 grams to 28 grams. Myree's crime of conviction pertained to the March 28, 2006, controlled drug sale, which involved 12.8 net grams of cocaine base.

-8-

Therefore, the change in law freed him from a mandatory minimum sentence.

The U.S. Probation Office prepared Myree's PSIR on June 22, 2011, but apparently utilized the version of the Guidelines in effect prior to August 3, 2010, as evidenced by the fact that the PSIR states, under "Offense," as follows:

> Count I of Information: POSSESSION WITH INTENT TO DISTRIBUTE AND TO DISTRIBUTE [sic] OF [sic] 5 GRAMS OR MORE OF COCAINE BASE, in violation of 21 U.S.C. 841(a)(1) and 841(b)(1)(B), a Class B felony. A *mandatory minimum term of 5 years* and a maximum term of 40 years of imprisonment, a fine of $2,000,000, or both.

21 U.S.C. 841, Pub. L. 110-425 , § 3(e), (f), Oct. 15, 2008, 122 Stat. 4828 (version of 21 U.S.C. 841 in effect from April 15, 2009 to August 2, 2010). Nevertheless, the record permits the Court to conclude that the mandatory minimum played no role in Myree's 84-month sentence, because his Guidelines range exceeded the formerly applicable mandatory 5-year (60-month) minimum. As the PSIR found, and as the parties agreed in the Plea Agreement, Myree's total adjusted offense level was 23, and his criminal history category was VI, yielding a sentencing range of 92 to 115 months, and a period of supervised release of 4 to 5 years. (PSIR ¶ 6, p. 4 of 26). The Government ultimately filed a 1-level § 5K1.1 downward departure motion, which resulted in a total offense level of 22 with an advisory Guidelines' range of 84 to 105 months. (Id. p. 23 of 26). See United States v. Hilson, 538 F. App'x 15, 18 (2d

-9-

Cir. 2013) (unpublished opn.) (Hilson's "offense level of 28, with
a criminal history category of I, produced a Guidelines prison
range of 78 to 97 months. Thus, because no mandatory minimum
applied in this safety valve case, and because the 78-month
sentence imposed by the district court was greater than the pre-FSA
minimum, and was imposed according to the Guidelines without
reference to that minimum, any error in not applying the FSA here
was harmless with respect to Hilson's prison sentence.") (citation
omitted).

Likewise, with regard to the term of supervised release, there
is not reasonable probability that Judge Arcara would have
sentenced Myree to less than the mandated four-year term of
supervised release had the FSA been applied. See Hilson, 538 F.
App'x at 18 (pre-FSA Guidelines required four-year term of
supervised release where defendant possessed less than 28 grams of
cocaine base) (citing post-FSA version of 21 U.S.C. § 841(b)(1)(C)
(allowing sentencing judge to impose supervised release term of at
least three years for possession crimes where defendant had less
than 28 grams of cocaine base)). Here, Judge Arcara sentenced Myree
to a five-year term of supervised release, that is, a term of
supervised release greater than the pre-FSA minimum.

Because Myree has not demonstrated a "reasonable probability"
that his either component of his sentence—the term of incarceration
or the term of supervised release—would have been different had

-10-

Defense Counsel argued the applicability of the FSA, he has not established prejudice as a result of his attorney's alleged deficient performance at sentencing.

### C.   Ground IV: Failure to Move to Dismiss the Complaint

As discussed below in Section II of this Decision and Order, Myree's argument that the Speedy Trial Act was violated is without merit. Therefore, he cannot demonstrate that Defense Counsel was ineffective in declining to move to dismiss the Complaint based on alleged violations of that statute. See, e.g., Abdallah v. United States, No. 14-CV-4037(JFB), 2015 WL 7454182, at *9 (E.D.N.Y. Nov. 24, 2015) ("Because trial counsel's conduct did not fall below an objective level of diligence for failure to file a motion to dismiss upon a meritless Speedy Trial Act claim, and there is no probability that the case would have arrived at a different outcome had counsel made that motion (even assuming that the motion was meritorious), petitioner's claim of ineffective assistance of counsel must fail."), appeal dismissed (2d Cir. Mar. 9, 2016).

## II.   Failure to Have Dismissed the Government's Complaint Based on Want of Prosecution (Ground Two)

Myree contends that the Government violated 18 U.S.C. § 3161(b) by failing to file an indictment against him within 30 days of his arrest on October 21, 2010.

"The Speedy Trial Act requires the filing of an indictment or information within thirty days of a defendant's arrest or service

-11-

of summons." <u>United States v. Arellano-Rivera</u>, 244 F.3d 1119, 1122 (9th Cir. 2001) (citing 18 U.S.C. § 3161(b)). As the chronology detailed below shows, Myree's claim under the Speedy Trial Act ("STA") is without a factual or legal basis.

Here, the complaint was filed on October 18, 2010, charging Myree with possession with intent to distribute, and distribution of 5 grams or more of cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B). Multiple orders were entered excluding time under the STA. Specifically, on October 26, 2010, a minute entry notes that the "[p]arties . . . agree time excluded thru at least 11-2-10 from the STA." (Dkt #5).

On November 2, 2010, a minute entry notes that Myree was "scheduled to be sentenced in state court on 12-7-10, defense req[uest]s status in mid December to facilitate how to proceed in instant case. Gov't has no objection. Gov't moves to exclude time, def[endan]t agrees, court [McCarthy, M.J.] adopts counsel's representations as its findings, 30 days remain on STA calendar[.]" (Dkt #6). Orders (Dkt ##8 & 9) entered on November 2, 2010, clarified that the period from October 22, 2010 (one day after Myree's arrest), until November 2, 2010, was excluded from the STA; and that the time from November 2, 2010, until December 9, 2010, will be excluded from the STA.

The minute entry of the status conference on December 9, 2010, indicates that, at that time, the Government was "in [the] position

to indict case" but "after talking with [former counsel] and [Defense Counsel] there is a determination to hold off proceeding in federal case to facilitate [Myree]'s interest in both federal/state charges, suggest carrying matter forward regardless of who is defense counsel. . . ."  (Dkt #10). New counsel was appointed at this status conference. In addition, the parties agreed that the time from December 9, 2010, to January 18, 2011, would be excluded from the STA. (Id.).

At the status conference on January 18, 2011, the "[d]efense request[d] additional time to continue discussions with defendant and Govt" regarding resolution of the case. (Dkt #11). In addition, "pursuant to 18 USC 3161(h)(7)(A), parties agree[d] no days have elapsed from STA calendar[.]" (Id.). Finally, the Court (M.J. McCarthy) ordered that the case would deemed dismissed pursuant to FED. R. CRIM. P. 48(b) ["Rule 48(b)"] unless the case was "either resolved by plea or [Myree was] indicted as of 12:01 AM on March 2, 2011." (Id.).

A criminal information was filed by the Government on February 22, 2011, reiterating the charges in the complaint (Dkt #1).

On February 25, 2011, the Government filed a motion (Dkt #12), to extend the date for dismissal under Rule 48(b) through April 1, 2011, and to grant a concomitant exclusion of time under Rule 5.1 of the STA. The Government represented that the

"parties . . . request[ed] the Court extend the Rule 48(b) dismissal date to allow the scheduling of a plea pursuant to the Information . . . which would facilitate an expeditious disposition of [Myree]'s criminal matter . . . and be in . . . [Myree]'s interest in the benefits to be gained by the agreed upon disposition." (Id.). The motion was granted (Dkt #13).

On March 29, 2011, the Government filed a second motion to adjourn the Rule 48(b) deadline (Dkt #15), making the same representations on behalf of the parties, namely, that plea discussions were ongoing and that the parties needed more time to reach agreement. The Court (McCarthy, M.J.) granted the motion on March 29, 2011, and ordered that the time until April 27, 2011, would be excluded under the STA. Magistrate Judge McCarthy further found that this exclusion was in the "interest of justice and not contrary to the interests of the public and the defendant in a speedy trial pursuant to pursuant to 18 U.S.C. Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv)." (Dkt #16).

On April 6, 2011, several weeks prior to the Rule 48(b) deadline, Myree signed and filed a Waiver of Indictment (Dkt #17) and a Plea Agreement (Dkt #18). Also on April 6, 2011, Myree appeared before Judge Arcara, waived indictment, and pled guilty to the criminal information (Dkt #19). Accordingly, and in light of Myree's waiver of indictment and entry of a guilty plea, the Government was not required to, and did not, file an indictment.

Moreover, by pleading guilty to the criminal information, Myree waived his right to assert Speedy Trial Act violations. United States v. Cook, 48 F. Supp. 2d 776, 778 (N.D. Ill. 1999) (citing United States v. Andrews, 790 F.2d 803, 810 (10th Cir. 1986) ("[A] defendant who knowingly and voluntarily entered a guilty plea waived all nonjurisdictional defects in the criminal proceeding, including alleged violations constitutional rights. . . . The Speedy Trial Act is not jurisdictional in nature."); United States v. Yunis, 723 F.2d 795, 796 (11th Cir.1984) ("The right to a speedy trial has repeatedly been held to be nonjurisdictional, both before and after the passage of the Speedy Trial Act. Yunis's guilty plea therefore foreclosed his right to assert the nonjurisdictional issue of the denial of a speedy trial on this appeal. A defendant cannot plead guilty and preserve for appeal a speedy trial claim."); Tollett v. Henderson, 411 U.S. 258, 266–67 (1973); citation to docket omitted).

## III. Other Motions

There are a number of other pending motions filed by Myree that appear to be related to his Section 2255 Motion. The Court disposes of them as follows: Myree's Motion/Request for a Status Conference and Summary Judgment (Dkt #44) is denied as moot as to his request for a status conferences, since multiple status conferences were held by Judge Arcara on his Section 2255 Motion. That application is denied on the merits with regard to his request

-15-

for summary judgment, in light of the Court's dismissal of his Section 2255 Motion. Myree's Motion to Appoint Counsel (Dkt #45) is denied as moot in light of Judge Arcara's appointment of Habeas Counsel to represent Myree in connection with the Section 2255 Motion. Myree's Motions to Relate Back Pursuant to FED. R. CIV. P. 15(c) (Dkt ##47, 48) are granted. Myree's Motion for Recusal (Dkt #49) is denied as moot given the transfer of the Section 2255 Motion to this Court for adjudication.

### CONCLUSION

For the foregoing reasons, Ervin Lee Myree's Section 2255 Motion (Dkt #33) is denied as without merit; his Motion/Request for a Status Conference and Summary Judgment (Dkt #44) is denied as moot as to his request for a status conference and is denied on the merits with regard to his request for summary judgment; his Motion to Appoint Counsel (Dkt #45) is denied as moot in light of the fact that pro bono counsel was appointed to represent him in connection with the Section 2255 Motion; his Motions to Relate Back Pursuant to FED. R. CIV. P. 15(c) (Dkt ##47, 48) are granted; and his Motion for Recusal (Dkt #49) is denied as moot. The Clerk of Court is directed to close this case and to mail a copy of this Decision and Order to Ervin Lee Myree.

SO ORDERED.

S/Michael A. Telesca

_____
  HON. MICHAEL A. TELESCA
  United States District Judge

Dated:     December 12, 2016
           Rochester, New York.